UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

IN RE:                              :         CASE NO. 15-51567
KAROL ZIELINSKI                     :         CHAPTER 13
        DEBTOR                      :         MARCH 9, 2016

## MOTION TO DISMISS CHAPTER 13 CASE WITH PREJUDICE OR TO CONVERT TO CHAPTER 7

The undersigned, for and on behalf of a Creditor and party in interest, Celeste Perilli ("Perilli") respectfully moves that the above entitled Chapter 13 case be dismissed or, if in the best interest of creditors, that the case be converted to Chapter 7. As such, the undersigned respectfully represents:

**I.    FACTS**

1. This Motion is made pursuant to Bankruptcy Code §1307(c) for cause, as this case is a bad faith filing; and pursuant to §1307(c)(3), as the Debtor did not file its Chapter 13 Plan timely, as required by Bankruptcy Rule 3015(b).

2. By Return Date of October 13, 2015, the Claimant Perilli filed a lawsuit against the Debtor and others pending in the Superior Court at Stamford.

3. The lawsuit alleges trespass, nuisance, violation of restrictive covenant against the Debtor and further seeks equitable and injunctive relief against the Debtor.

4. The Debtor purchased the subject property, namely 42 Uncus Road, Stamford, CT on March 13, 2003.

5. Perilli is the next door neighbor and owns her property and resides thereon at 44 Uncus Road, Stamford, CT.

1

6. Perilli's premises and the Debtor's premises share a common boundary line of approximately 100 feet in length; the Debtor's premises adjoins Perilli's premises on the East.

7. Until in or about mid April, 2015, upon said common boundary line for the entire 100 foot length of same, there was a concrete and rock retaining wall, faced on both sides with fieldstone and mortared joints, approximately 3 ½ feet high, and on top thereof a 4 foot chain linked fence.

8. The Debtor was engaged in renovating his property and the improvement located thereon, greatly expanding the square footage of his single family dwelling.

9. During the course of the renovation and in or about April, 2015, the Debtor removed the entire front portion of the retaining wall, which wall is on the premises of Perilli. In addition, the Debtor removed a substantial portion of the flagstone and masonry steps leading to the flagstone walk, which was on the Perilli premises. Further, the Debtor may have caused failure in the integrity of the entire wall.

10. The Debtor filed an Answer to the Plaintiff's Complaint consisting, generally, of a general denial with Special Defenses.

11. The Debtor filed a Voluntary Petition in Bankruptcy in this case pursuant to Chapter 7 on November 6, 2015.

12. The Debtor did not initially list Perilli as a creditor, and the Debtor has not ever listed the lawsuit on his Statement of Financial Affairs. Perilli is a creditor within the meaning of the U.S. Bankruptcy Code. Bankruptcy Code §101(10); 101(5).

13. The Debtor in his Schedules listed a value of his property at $361,306.00 and a mortgage

with a balance of $234,241.82.

14. The Debtor at the time of the filing of the Bankruptcy Petition was current with his mortgage payments.

15. Other than the mortgage, the Debtor listed no other creditor in his case.

16. The Meeting of Creditors in this case was scheduled for December 16, 2015 but was not held and rather adjourned to January 6, 2016, and thence continued again to February 10, 2016. The Debtor did not appear at any of his scheduled 341 Meetings during the time that this case was in Chapter 7.

17. Prior to the February 10, 2016 meeting date, Chapter 7 Trustee Richard Coan filed an Application to employ a realtor for the purpose of selling the Debtor's real property at 42 Uncas Road, Stamford, CT.

18. On February 10, 2016, counsel for the Debtor informed the Trustee that the Debtor would not appear at the 341 Meeting, but was rather in the process of converting his case to Chapter 13.

19. In an attempt to discourage the Trustee from marketing the property for sale, the Debtor amended his Schedule A and unilaterally reduced the value of the real property to $240,000.00. The Trustee was nevertheless pursuing the marketing of the property for sale.

20. As the Debtor had no creditors in this case at the time of the filing of the Chapter 7, other than the mortgage that was paid up to date, and a disputed creditor, namely Celeste Perilli, and that the only motivation of the Debtor was to stop the litigation, clearly the filing of the Chapter 7 case was filed in bad faith. Further, the conversion of the Chapter 13 was also filed in bad faith. There is no

conceivable Plan that the Debtor can put forth and has not put forth, which complies with the spirit and fundamental purpose of a Chapter 13, which is to reorganize and pay creditors based on the Debtor's budget. There are no creditors other than Celeste Perilli, and as to that creditor, the Debtor is clearly in dispute as set forth in the State Court action. The only purpose of the conversion to Chapter 13 was to thwart the efforts of the Chapter 7 Trustee in marketing the real estate of the Debtor, for sale.

21. Although the Debtor had subsequently amended his Schedule to disclose Celeste Perilli as a creditor, the disclosure states that the claim is disputed and contingent as well. The Debtor has not to date disclosed the existence of the litigation in his Statement of Financial Affairs.

**II. ARGUMENT**

**A. The case should be dismissed with prejudice or converted to Chapter 7 for failure to timely file a Chapter 13 Plan.**

1. Bankruptcy Code §1307(c)(3) states that a Chapter 13 case can be dismissed or converted for failure to file a Plan timely under §1321 of the Bankruptcy Code.

2. §1321 states: "the Debtor shall file a Plan".

3. Bankruptcy Rule 3015(b) requires that a Chapter 13 Plan be filed within fourteen (14) days after the date of conversion from Chapter 7 to Chapter 13. The date of conversion of this case was February 12, 2016 and the due date to file a Plan therefore was February 26, 2016. No Plan has been filed.

4. Further, the time to file an extension of time to file a Plan has passed, as no Motion was filed within the fourteen days allowed after conversion. See Bankruptcy Rule 9006(b)(1).

5. Your Claimant, Perilli has demonstrated cause for dismissal or conversion of this case to Chapter 7 as defined by Bankruptcy Code §1307(c)(3). It is further requested that if the case is dismissed that it be with prejudice, that the Debtor be barred from filing another Bankruptcy Petition within 180 days after the date of dismissal.

**B. This Chapter 13 Case should be dismissed with prejudice or converted to Chapter 7 by reason of bad faith filing.**

1. Bankruptcy Code §1307(c) contains a non exclusive list for grounds of dismissal.

2. The same standards apply whether moving to dismiss a Chapter 13 case for a bad faith filing

5

or for filing a Chapter 13 Plan in bad faith. In Re. Klevorn, 181 BR 8, 10 (Bkcy NDNY 1995). The Court should look to the totality of the circumstances. The totality of the circumstances are set forth in Perilli's recitation of facts hereinabove. Taken as a whole, the facts demonstrate unequivocally that this is a bad faith filing in Chapter 13.

3. In determining the totality of the circumstances, the Court can look to the timing of the Petition (here conversion); how the debt arose; motive in filing the Petition. The focus of the inquiry is fundamental fairness. In Re: Love, 957 F2d 1350 (7th Cir. 1992). Where it has been shown that a case was filed only to defeat contested State Court litigation, a filing can be deemed filed in bad faith. In Re: Leavitt, 171 F3d 1219, 1224 (9th Cir. 1999). The cornerstone of the Bankruptcy Courts has always been the doing of equity. "…Good faith or basic honesty is the very antithesis of attempting to circumvent a legal obligation through a technicality of the law." In Re: Rodriguez, 248 BR 16, 20 (BKCY DCT 1999). Although a case may technically comply with the provision of Chapter 13, that is not enough. If used for ulterior motives or purposes, then the case can be dismissed or converted as a bad faith filing. Rodriguez, supra. It is not necessary in showing a bad faith Chapter 13 filing to prove malice or actual fraud. In Re: Cabral, 285 BR 563, 573 (1st Cir. BAP 2002).

4. Indeed, a Chapter 13 case must demonstrate a legitimate effort at reorganization. In Re. Turner, 207 BR 373, 376 (2nd Cir. BAP 1997).

5.  "Technical compliance with the Code in and of itself is insufficient to establish good faith…There must also be some assurance that the Debtor who has invoked the reorganization provisions of the Code does so with the purpose of accomplishing the aims and objectives of Bankruptcy philosophy and policy. …good faith requirement obliges the Debtor to commit to the purpose and spirit of Chapter 13 – that being rehabilitation and repayment of debt." In Re: Klevorn, supra at 11.

6

### III. CONCLUSION

It is clear from the facts that there are no creditors in this case for which the Debtor intends to pay pursuant to a Chapter 13 Plan. The Debtor's only motive in originally filing the Chapter 7 case was to thwart State Court litigation. The only purpose of the conversion from Chapter 7 to Chapter 13 was to thwart the Chapter 7 Trustee's efforts at selling the Debtor's real estate. As further evidence of that, the Debtor unilaterally dropped the valuation of his property from $361,306.00 to $240,000.00, or a 1/3 devaluation, without explanation. This is clearly not a Chapter 13 case. The Debtor has sought Bankruptcy protection only to protect himself, without regard to creditors (who do not exist), and for that reason, the Court should dismiss this case for reason of bad faith filing, and also bar the Debtor from filing another Bankruptcy case under any Chapter within 180 days after the date of dismissal; or that the Court, if in the best interest of creditors, reconvert the case to Chapter 7.

The Debtor originally converted his Chapter 7 case to Chapter 13 not under any showing of need, but rather "as of right" as provided by Bankruptcy Code §1307(a). The Court has the power to reconvert the case to Chapter 7 if it deems advisable pursuant to Bankruptcy Code §1307(c). Cabral, supra.

Wherefore, it is respectfully requested that the Court grant the relief as requested herein.

THE CREDITOR,
CELESTE PERILLI

By: _____
Ellery E. Plotkin
Law Offices of Ellery E. Plotkin, LLC
777 Summer Street, 2nd Floor
Stamford, CT 06901
Telephone: 203-325-4457
Ct04648

## **CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was electronically delivered and/or mailed, first class, postage pre-paid this 9 day of March, 2016 to each of the following:

Office of the U.S. Trustee
Giamo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

Molly T. Whiton
Chapter 13 Trustee
Ten Columbus Blvd.
Hartford, CT 06106-1976

Stephen Wright
324 Elm Street, Suite 103B
Monroe, CT 06468
(Attorney for Debtor)

_____
Ellery E. Plotkin
Commissioner of the Superior Court

8